# In the United States Court of Federal Claims

Case Nos. 01-575T, 06-94T, 09-259T
(Filed: April 19, 2012)

```
*************************************************
JOHN Y. GLASS and                           *
JOSEPHINE J. GLASS, THOMAS R.               *
LUMPKIN and JEAN P. LUMPKIN, and            *
JAMES R. REHAK and JOANN M.                 *
REHAK                                       *
                    Plaintiffs,             *
        v.                                  *
                                            *
THE UNITED STATES OF AMERICA,               *
                    Defendant.              *
*************************************************
```

## ORDER/OPINION

On July 11, 2011, we ordered Plaintiffs to show cause as to why the Court should not dismiss this case. Plaintiffs filed a Response on July 14, 2011, and filed a Notice of Additional Authorities on April 16, 2012. Neither document has persuaded the Court that it should not dismiss this case.

The Federal Circuit has twice ruled -- in *Prati & Deegan v. United States,* 603 F.3d 1301 (Fed. Cir. 2010), as well as in *Keener v. United States,* 551 F.3d 1358 (Fed. Cir. 2009) -- that it does not have jurisdiction over AMCOR partners' untimely assessment and tax motivated interest claims. The Court consolidated all AMCOR cases for reporting purposes and designated all AMCOR cases with untimely assessment and tax motivated interest claims as "Group I" cases. The Group I cases are *Glass,* Fed. Cl. No. 01-575T, *Lumpkin,* Fed. Cl. No. 06-94T, and *Rehak,* Fed. Cl. No. 09-259T.

The parties first agreed to stay the Group I cases pending final appellate action in *Keener*. They stated that "under *Keener,* the Court lacks subject matter jurisdiction over the period of limitations and tax motivated claims in [Group I cases]" and that it would "wait until final

appellate action...before dismissing the period of limitation and tax motivated interest claims in [Group I cases]." JSR May 3, 2007, Doc. No. 40.

Once final appellate action resolved *Keener* against Plaintiffs, Plaintiffs asserted that "their claims are distinguishable from and not controlled by *Keener*"- despite its previous statement that *Keener* was representative of its claims.  Oct. 7, 2009 JSR, Doc. No. 55.  The parties agreed they would wait for final appellate action in *Prati*. *Id.*  Once again, after final appellate action resolved *Prati* against Plaintiff, Plaintiffs asserted that *Prati* should not be dispositive of its claims because its holding conflicts with another Federal Circuit case, *Jade Trading*, 598 F.3d 1372 (Fed. Cir. 2010), and also violates separation of powers.  Feb. 9, 2011, JSR, Doc. No. 64.

The Court finds that *Keener* and *Prati* directly address Plaintiffs' claims.  And as the case history described above shows, Plaintiffs agreed that *Keener* and *Prati* were representative cases.  They cannot now renege on their agreement.

Plaintiffs attempt to create a requirement that a finding of a tax motivated transaction be based on "inseparable grounds."  Both *Keener* and *Prati* reject this idea.  The basis for Plaintiffs' argument seems to be a minor sentence in *Keener* quoted out of context.

Plaintiffs also tout *Jade Trading* as "controlling precedent in the Federal Circuit as to the jurisdictional limits on the Tax Court in TEFRA partnership-level suits."  However, *Jade Trading* deals with "affected items" instead of the "partnership items" at issue in our case.  *Jade Trading* is inapposite to this case.  Additionally, *Prati* is the more recently decided case and is controlling.

Plaintiffs cite *Duffie v. United States,* 600 F.3d 362 (5th Cir. 2010) in support of their claim that res judicata is the threshold issue and should be addressed before subject-matter jurisdiction.  Plaintiffs essentially argue that because that court addressed res judicata before deciding they did not have subject-matter jurisdiction, res judicata is now a threshold issue.  The Court rejects Plaintiffs' interpretation.

For the reasons stated above, **the Court directs the Clerk's office to DISMISS the Plaintiffs' Complaints in Case Nos. 01-575T, 06-94T, and 09-259T.** Parties are to bear their own costs.

**IT IS SO ORDERED.**

                        s/ Lawrence M. Baskir
                        LAWRENCE M. BASKIR
                             Judge